UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR BERNARD PERKINS, | Civil No. 07-1101 (PAM/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MARTY C. ANDERSON, Warden, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester").  According to Plaintiff's complaint, he is not currently serving any federal prison sentence,  but rather he is a "civilly committed detainee... under 18 U.S.C. 4246." (Complaint, [Docket No. 1], p. 3, § IV.)[1]

---

[1]  18 U.S.C. § 4246(a) provides that –

"If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been

Plaintiff is presently attempting to sue the Warden at FMC-Rochester, Marty C. Anderson.  The substantive allegations in Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Petitioner was forced to work detail despite the fact that he is a civilly committed detainee and not a prisoner within the meaning of the Prisoner's litigation Reform Act under Title 18 USC 4246(d)."

(Id.)

The caption of Plaintiff's complaint suggests that he is attempting to bring a civil rights action, but the complaint itself says nothing about the legal theory (if any) on which this action supposedly is based.

Although Plaintiff has not identified any legal fees that he has incurred, or any harm that he has suffered, he is seeking a judgment for "$6,500 in Attorney fees in addition[ ] to $5,000 for injury sustained from being forced to work against his will."

## II.  DISCUSSION

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted.  28 U.S.C.

---

dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.  The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

2

§ 1915(e)(2)(B)(ii); <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996) (<u>per</u> <u>curiam</u>).

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a claimant must allege historical <u>facts</u>, which if proven true, would show that the named defendant(s) violated the claimant's federal constitutional rights while acting under color of state or federal law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a <u>pro se</u> complaint <u>must contain specific facts</u> supporting its conclusions") (emphasis added).

Furthermore, an actionable civil rights claim "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. <u>Clemmons v. Armontrout</u>, ____ F.3d. ____ (8th Cir. Feb. 12, 2007), 2007 WL 438768 at * 4. <u>See</u> <u>also</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (same). In other words, civil rights claimants must plead facts showing each defendant's <u>personal</u> involvement in alleged constitutional wrongdoing. <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

3

Plaintiff's current pleading fails to state an actionable civil rights claim against Defendant Anderson, because it includes no factual allegations describing anything that Warden Anderson purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, Plaintiff's brief "Statement of Claim" does not even mention the Constitution or any constitutional principle, nor does it mention Warden Anderson. There certainly are no allegations, which if proven true, would establish that Warden Anderson has violated Plaintiff's federal constitutional rights.[2]

Because Plaintiff's complaint does not include any factual allegations describing any specific wrongful conduct by the only named Defendant, Warden Anderson, Plaintiff has failed to plead a cause of action on which relief can be granted. Therefore, this action must be summarily dismissed, and Plaintiff's IFP application must be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be denied; and

---

[2] It appears that Plaintiff may be seeking to hold Warden Anderson vicariously liable for some allegedly wrongful act or omission by some member(s) of the staff at FMC-Rochester. Such a claim, however, would not be actionable, because government officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable civil rights claim against a government official or entity, a complaint must include factual allegations showing how that particular party personally violated the plaintiff's constitutional rights. Clemmons, 2007 WL 438768 at *4. Because there are no such allegations against Warden Anderson in Plaintiff's present pleading, it fails to state any actionable claim for relief.

2.  This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: February __15__, 2007

s/ *Franklin L. Noel*_____
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 7, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.